IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 07-cv-00200-PSF-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

TEAMCORP, INC., a Colorado corporation d/b/a Laconia Homes
and DRAFT-TEK or Draft-Tech;
KERRY KARNAN;
PLATT T. HUBBELL; and
KELLEY S. HUBBEL,

    Defendants.

## ORDER ON MOTION TO STAY

This matter is before the Court on Defendants Teamcorp, Inc. ("Teamcorp") and Kerry Karnan's Motion for Stay of Proceedings (Dkt. # 26), filed on May 21, 2007. Plaintiff filed its brief in opposition on June 11, 2007 (Dkt. # 29), and defendants replied on June 22, 2007 (Dkt. # 30). Having considered the parties' arguments, the record, and the applicable law, this Court enters the following Order.

**I.     BACKGROUND**

Jurisdiction in this action is based on diversity under 28 U.S.C. § 1332. Plaintiff American Family Mutual Insurance Company ("American Family") filed this declaratory judgment action on January 29, 2007, seeking a declaration that it has no duty to defend or indemnify Defendants Teamcorp and Kerry Karnan (collectively, the "Teamcorp Defendants") in a civil action pending in the United States District Court for

the District of Colorado, Civil Action No. 05-cv-00026-EWN-PAC (the "underlying action"). *See generally* Compl. (Dkt. # 1). The Teamcorp Defendants have been named as third-party defendants in the underlying action, which is a diversity suit involving, in part, claims for negligence, breach of contract, and negligent misrepresentation against the Teamcorp Defendants related to the preparation of plans and specifications for the construction of a single family home. Ex. D to Compl.

Teamcorp is insured by American Family under a commercial general liability ("CGL") policy. *See* Compl. ¶¶ 18–20. American Family is defending the Teamcorp Defendants in the still-pending underlying action under a reservation of rights. *Id.* ¶ 24. American Family now requests a declaratory judgment that there is no coverage under the CGL policy for the claims stated against the Teamcorp Defendants in that action.

## II.   STANDARD OF REVIEW

The Declaratory Judgment Act provides district courts the authority to declare the rights and other legal relations of any interested party in "a case of actual controversy" within the court's jurisdiction. 28 U.S.C. § 2201. It is within the sound discretion of the district court to stay or dismiss a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."). Factors for the court to consider in determining whether to exercise its discretion to hear a declaratory judgment action include: (1) whether the declaratory judgment action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal

relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citation omitted).

Colorado law is instructive on the propriety of maintaining anticipatory declaratory judgment actions in the insurance context and provides that a factor to consider is whether the declaratory action "is independent of and separable from the underlying action." *Constitution Assocs. v. N.H. Ins. Co.*, 930 P.2d 556, 561 (Colo. 1997). Under *Constitution Associates*, a declaratory judgment action is not independent and separable and is thus inappropriate "where it could unduly prejudice the insured in the underlying action." *Id.* at 562.

## III.    ANALYSIS

In light of the factors set forth above, a stay of this declaratory judgment action at this point is premature. First, the Court notes that American Family disputes both its duty to defend and its duty to indemnify the Teamcorp Defendants. The duty to defend is triggered more easily, as it arises "where the alleged facts even *potentially* fall within the scope of coverage." *Constitution Assocs.*, 930 P.2d at 563 (citing *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1089–90 (Colo. 1991) (emphasis in original)). The duty to indemnify, on the other hand, relates to an insurer's "duty to satisfy a judgment against the insured" and "does not arise unless the policy *actually* covers the alleged

3

harm." *Id.* (emphasis in original). Thus, if this Court were to ultimately hold that American Family owes no duty to defend, there would in turn be no duty to indemnify. *Id.* Such a holding would fully settle the coverage dispute between the parties, and the outcome of the underlying action is immaterial to that determination. *See id.* ("Declaratory judgment actions are more likely to be independent of and separable from the underlying litigation when the allegations in the underlying complaint do not even give rise to a duty to defend."). Thus, there is no reason to postpone resolution of the duty to defend issue should either of the parties seek to do so.

However, if the Court ultimately finds that American Family does owe a duty to defend, there may also be a duty to indemnify. The Colorado Supreme Court has held generally that "a resolution of the duty to indemnify is premature where there is a duty to defend but the liability of the insured has not yet been determined." *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 621 (Colo. 1999). Thus, at some point a stay may be appropriate to allow the underlying action to be fully resolved. However, the Court sees no reason to postpone discovery and no risk of prejudice to Teamcorp in proceeding with the case at this early stage. The Court notes that, because American Family is currently defending the underlying action under a reservation of rights, Teamcorp will not be subjected to double litigation costs in having to defend this coverage suit.

With respect to the remaining *Runyon* factors, there is no indication that the declaratory remedy is being used for the purpose of procedural fencing, that

maintenance of this action improperly encroaches upon state jurisdiction, or that there is a better or more effective alternative remedy.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion for Stay of Proceedings (Dkt. # 26) is DENIED WITHOUT PREJUDICE in accordance with this order.

DATED:  October 16, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge