IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00200-WYD-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin insurance company,

    Plaintiff,

v.

TEAMCORP., INC., a Colorado corporation, d/b/a LACONIA HOMES AND DRAFT-TEK or Draft-Tech;
KERRY KARNAN;
PLATT T. HUBBELL;
KELLEY S. HUBBELL; and
THANE LINCICOME;

    Defendants.

---

**ORDER ON MOTIONS TO STRIKE AND SUMMARY JUDGMENT MOTIONS**

---

I.     <u>INTRODUCTION</u>

THIS MATTER comes before the Court on the Hubbells' Motion to Strike American Family's Motion for Summary Judgment [the Hubbells' motion to strike"] and Teamcorp, Inc. d/b/a Laconia Homes and Draft-Tek and Kerry Karnan Individually Motion to Strike American Family Exhibits Attached to Plaintiff's Response Brief in Opposition to Teamcorp, Inc.'s Motion for Partial Summary Judgment on Liability for Duty of Defense Obligation ["the Teamcorp Defendants' motion to strike"].

By way of background, American Family Insurance Company ["AFI"] brings this suit seeking a declaration of the rights of the parties' rights under a commercial general

liability insurance policy issued to "Laconia Homes, Inc." and "Teamcorp., Inc. d/b/a Laconia Homes and Draft Tek".  The Amended Complaint asserts claims for declaratory judgment of no coverage, recovery of defense costs incurred in defending Teamcorp in an underlying Third-Party Complaint filed by Defendants Platt and Kelley Hubbell ["the Hubbells"], and a declaration that Thane Lincicome was not an insured person under the AFI policies issued to Teamcorp.  The underlying Third-Party Complaint filed by the Hubbells asserts certain claims for relief against Teamcorp in a liability suit currently pending in this Court before Judge Arguello, Case No. 05-cv-00026-CMA-KLM.

I now turn to the motions to strike, first addressing the Hubbells' motion to strike and then the Teamcorp Defendants' motion to strike.

## II. ANALYSIS

The Hubbells' motion to strike asserts three arguments:  that the duty to defend is the only ripe issue in this declaratory judgment action, that AFI's summary judgment motion violates the "four corners" rule for determining the duty to defend by relying on extrinsic evidence, and that AFI's motion fails to comply with FED. R. CIV. P. 56 requirements for supporting documents.  They conclude that AFI's voluminous and improper statement of fact section infects the entirety of the summary judgment motion and prevents proper analysis of the duty to defend under the four corners rule.

As to the relief requested, the Hubbells request that the motion be stricken in its entirety.  In the alternative, if the motion to strike is denied or is granted only in part by striking portions of AFI's motion, then the Hubbells request a reasonable amount of additional time to supplement and amend their conditional response to AFI's summary

judgment motion in order to fully respond to whatever portions of the motion remain after the ruling on the Hubbells' motion. The Teamcorp Defendants joined in the Hubbells' motion to strike and request the same relief. The Teamcorp Defendants' motion to strike also seeks to strike exhibits from AFI's response to the Teamcorp Defendants' summary judgment motion on essentially the same basis as argued by the Hubbells' in connection with AFI's summary judgment motion.

I first address the argument that the duty to defend is the only ripe issue in this case. The Hubbells assert that the duty to indemnify is not ripe and cannot be determined at this time since the underlying action has not yet been determined.

Turning to my analysis, "[t]he duty to defend pertains to the insurance company's duty to affirmatively defend its insured against pending claims." *Constitution Assocs. V. New Hampshire Ins. Co.*, 930 P.2d 556, 553 (Colo. 1996). "The duty to indemnify relates to the company's duty to satisfy a judgment entered against the insured." *Id.* The Colorado Supreme Court further explained:

> The duty to defend is triggered more easily than is the duty to indemnify. Generally, the duty to defend arises where the alleged facts even potentially fall within the scope of coverage, but the duty to indemnify does not arise unless the policy actually covers the alleged harm. See *Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1089-90 (Colo.1991). Where there is no duty to defend, it follows that there can be no duty to indemnify. However, where there is a duty to defend, there is not necessarily a duty to indemnify.

*Id.*

In this case, as the Hubbells point out, Judge Figa, who previously presided over this case, issued an order on October 16, 2007, denying the Teamcorp Defendants'

motion for stay of proceedings without prejudice. In that Order, he addressed both the duty to defend and the duty to indemnify. He noted that the duty to defend is properly at issue in this case, and that if the Court were to hold that there is no duty to defend, there in turn would be no duty to indemnify. (October 15, 2007 Order at 3-4.) However, if the Court finds that AFI does owe a duty to defend, resolution of the duty to indemnify may be premature. (*Id.*) Judge Figa cited law from the Colorado Supreme Court holding that "a resolution of the duty to indemnify is premature where there is a duty to defend but the liability of the insured has not yet been determined." (*Id.*) (citing *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 621 (Colo. 1999)).

It is undisputed that the underlying action relating to the Third Party Complaint has still not yet been determined. In fact, it does not appear that trial has even been set as to that action. Accordingly, resolution of the duty to indemnify would be premature. However, as explained by AFI in its response to the motion, it is seeking a resolution of its duty to indemnify only in connection with its argument that it has no duty to defend. This is properly before the Court, as explained by Judge Figa in reliance on *Compass*. As he explained, where there is no duty to defend, as argued by AFI, it follows that there can be no duty to indemnify. October 15, 2007 Order at 3-4; *see also Constitution Assocs. V. New Hampshire Ins. Co.*, 930 P.2d 556, 563 (Colo. 1996). I will not address the duty to indemnify if I find that there is a duty to defend. Accordingly, the Hubbells' Motion to Strike is denied as to this argument.

The Hubbells further assert in their motion to strike that AFI's motion for summary judgment violates the "four-corners" rule for determining the duty to defend,

since it relies on extrinsic evidence for determining the duty to defend. I note that AFI submitted a lengthy and rather voluminous statement of facts in its summary judgment motion. Many of those facts appear to be relied on by AFI in arguing that summary judgment is proper on the duty to defend. Thus, I must determine whether these extrinsic facts are admissible.

As explained by the Colorado Supreme Court, "[t]his court has set a high standard for an insurance company seeking to avoid its duty to defend that focuses on an examination of the allegations in the underlying complaint against the insured:

> An insurer seeking to avoid its duty to defend an insured bears a heavy burden. An insurer's duty to defend arises when the underlying complaint against the insurer alleges any facts that might fall within the coverage of the policy. "The actual liability of the insured to the claimant is not the criterion which places upon the insurance company the obligation to defend." Rather, the obligation to defend arises from allegations in the complaint, which if sustained, would impose a liability covered by the policy. "[W]here the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim."

*Compass Ins. Co*, 984 P.2d at 613-14 (quoting *Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d at 1083, 1089 (Colo. 1991)).

"'In other words, the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove that it cannot.'" *Compass Ins. Co.*, 984 P.2d at 614 (quotation omitted). "Determining the duty to defend based on the allegations contained within the complaint comports with the insured's legitimate expectation of a defense." *Hecla*, 811 P.2d at 1090. As further explained, "the burden

imposed on [the insurance company] by requiring that the duty to defend be determined by the allegations in the complaint are negligible compared with the burden imposed on [the insured] in defending a declaratory judgment action which looks to facts beyond the allegations in the complaint. *Id.* at 1089 n. 10. Requiring the average insured "to bear the onerous financial burden of proving that they are entitled to a defense from liability claims asserted against them would deny the insured the protection afforded by a liability policy." *Id.* at 1090 n. 11.

AFI argues, however, that the Tenth Circuit has recently held, predicting what the Colorado Supreme Court would do, that evidence outside of the complaint against the insured can be considered in a case like this when analyzing the duty to defend. AFI relies on *Pompa v. American Family Ins. Co.*, 520 F.3d 1139 (10th Cir. 2008). In *Pompa,* the Tenth Circuit held as follows:

> The complaint rule applies only when the insurer has failed to provide a defense throughout the underlying litigation. When the insurer has provided that defense (presumably under a reservation of rights) and then seeks to recover defense costs from the insured, the insurer may "rely on facts outside of the complaint" to show that "the incident resulting in liability was not covered by the policy." *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 827 (Colo.2004) (emphasis and internal quotation marks omitted). But if the insurer wishes to avoid the cost of a defense before the underlying litigation has concluded-either by simply refusing to defend or by bringing a declaratory judgment action while the litigation is proceeding-its duty to defend is determined under the complaint rule.

*Id.* at 1146.

Under the above analysis, the complaint rule is clearly applicable in this case. AFI has sought to avoid the cost of a defense before the underlying suit has concluded

by bringing a declaratory judgment action while the suit is pending. Thus, this suit falls squarely within the type of suit *Pompa* holds the complaint rule is applicable to.

I further note that *Pompa* stated that it believed the Colorado Supreme Court would apply the exception to the complaint rule "when doing so would not undercut the purposes served by the rule." *Id*. at 1147. Here, I believe applying the exception in *Pompa* would undercut the purposes served by the complaint rule.

As previously explained, the rule prevents the insured's defense in the underlying action from being compromised by a declaratory judgment action brought by the insurer while the underlying action is in progress. *Id.* at 1146. "The complaint rule, by postponing the consideration of facts not alleged in the underlying action, avoids placing the insured" in the dilemma of having to produce evidence in the declaratory judgment action which could subject it to liability in the underlying suit. *Id.* *Pompa* concluded on that issue, "[i]f the coverage determination for the insurer who refused to defend were not based on the complaint rule, there would be 'an incentive for insurers to refuse to defend in the hope that [the underlying] litigation w[ould] reveal that no duty to defend exists.'" *Id.* (quoting *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 827 (Colo. 2004)).

While the Tenth Circuit held in *Pompa* that the insured's defense would not be jeopardized because the one extrinsic fact relied on by the district court was undisputed (*id*. at 1148), that is not the situation here. AFI relies on a large number of extrinsic facts, almost all of which are disputed, and which I find could compromise the insureds if I were to rely on them in deciding the AFI's summary judgment motion. Based on the

foregoing, I grant the Hubbells' motion to the extent it seeks to exclude extrinsic evidence that is outside the complaint or the "four-corners" rule as to the duty to defend generally.

I also find that extrinsic evidence is not properly considered as to the "known loss' argument, *i.e.*, the issue of whether the Teamcorp Defendants had knowledge of the Hubbells' claims and damages prior to a representative contacting the insurance agent and asking that the named insured be changed from "Laconia Homes, Inc." to Teamcorp, Inc. d/b/a Draft-Tek and Laconia Homes. Defendant relies on *Intern. Environmental Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 860 F. Supp. 511, 517 (N.D. Ill. 1994), a case where the court allowed extrinsic evidence as to the known loss doctrine in an anticipatory declaratory judgment action. However, I find more persuasive the case of *Trinity Universal Ins. Co. v. Employers Mut. Casualty Co.*, No. H-07-0878, 2008 WL 2078202 (S.D. Tex. 2008).

In *Trinity*, the court noted that the Texas Supreme Court has not stated any exception to the complaint rule, referred to therein as the eight-corners rule. *Id.* at *7. It held that if such an exception were to exist, "extrinsic evidence would be admissible to ascertain whether an insurer has a duty to defend only if: (1) the allegations in the underlying petition are ambiguous as to whether coverage exists; and (2) the proffered evidence is relevant only to the issue of coverage and neither overlaps with the merits of the underlying suit, nor contradicts any allegations in the pleading." *Id.*

In that case, the court found that extrinsic evidence was not admissible on the known loss rule in an anticipatory declaratory judgment action for two reasons. First,

the documentary evidence was produced during discovery in the underlying suit and facts developed during litigation of the underlying suit do not affect an insurer's duty to defend. *Id*. Second, it found that the timing and nature of the alleged property damage overlaps at least in part with the merits of the claims in the underlying suit. *Id.* at *8.

Specifically, the underlying suit alleged that the insured party failed to act with reasonable care and within professional standards when it failed to construct and/or design a water building that would prevent water prevention. *Id*. The evidence relied on reflected that well before the effective date of the policy, concerns were expressed about issues that could impact the underlying claims. *Id*. The court held:

> To consider these documents for the purpose of establishing that Lucy Masonry [the insured party] was aware that McKenna's building had sustained or was sustaining damage due to leaks from gaps in the brickwork and other exterior structures directly implicates the merits of McKenna's claim that Lacy Masonry, as the entity that allegedly performed "all masonry work" on the building project, negligently constructed a building that allowed "water infiltration" to occur from the "exterior building envelope" and/or as a result of "improperly installed masonry.". . . Stated differently, whether Lacy Masonry was aware of damage to McKenna's building overlaps with a determination of whether such damage actually occurred and whether it stemmed at least in part from work performed by Lacy Masonry. The extrinsic evidence offered by [the insurer] therefore does not pertain solely to the question of coverage, but also implicates Lacy Masonry's potential liability in the underlying suit. This type of "mixed" evidence is not admissible, even under the presumed limited exception to the strict eight-corners rule.

*Id*.

In this case, like *Trinity*, the Colorado Supreme Court has not adopted an exception to the complaint rule. Further, I find that the extrinsic evidence offered by AFI would impact the merits of the underlying case. In the Amended Third-Party Complaint, the Hubbells allege, among other things, in their negligence claim that Third-Party

-9-

Defendants Draft-Tek, Lincicome and Karnan designed and engineered the residence on the Property for the Hubbells, that they owed a duty of care to the Hubbells to perform their design and construction services in a competent and workmanlike manner and in compliance with applicable industry standards, and that they breached their respective duties of care owed to the Hubbells. (Amended Third-Party Comp. in Civil Action No. 05-cv-00026, ¶¶ 39, 40 and 42.)

Whether these Defendants were aware of damage to the Hubbells' property overlaps with a determination of whether such damage actually occurred and whether it stemmed at least in part from work performed by them. Thus, the extrinsic evidence offered by AFI does not pertain solely to coverage but also implicates these Defendants' potential liability in the underlying suit. Accordingly, I find that extrinsic evidence related to the "known loss" rule is not admissible and I will not consider it in ruling on AFI's summary judgment motion.[1]

Given the above holding, I agree with the Hubbells that AFI's voluminous statement of facts improperly relies on extrinsic evidence, attached as exhibits to the motion. The question then becomes the remedy. While I have considered various remedies, I tend to agree with the Hubbells that the statement of facts and exhibits relied on by AFI affect the entirety of the summary judgment motion. Accordingly, I believe the best remedy is to grant the Hubbells' motion and strike AFI's summary

---

[1] AFI also cites to *Constitution Assocs. v. New Hampshire Ins. Co.*, 930 P.2d 556, 561 (Colo. 1996) in support of its argument that extrinsic evidence is admissible. That court did not address the issue. Instead, it held only that in considering whether to permit an anticipatory declaratory judgment action, the court should consider whether the action "is independent of and separable from the underlying action." *Id.*

judgment motion in its entirety. Because of this ruling, the Hubbells' arguments in their motion to strike that AFI's motion fails to comply with Rule 56's requirements for the supporting exhibits is moot.

The motion to strike filed by the Teamcorp Defendants similarly seeks to strike exhibits attached to AFI's response in opposition to Teamcorp's Motion for Partial Summary Judgment. I find that some or all of the exhibits relied on by AFI in connection with its response brief do appear to be improper extrinsic evidence. However, I believe that simply striking the exhibits may not be sufficient, as the exhibits impact the entirety of the response brief. The reply brief is also impacted, since it addresses the extrinsic evidence relied on by AFI in its response brief. Further, I am unclear whether the Teamcorp Defendants' underlying motion for partial summary judgment also is impacted by my ruling that extrinsic evidence is not properly submitted in connection with the duty to defend.

I believe that the only way that I can ensure that the briefing is proper by both parties on this issue is to strike or deny the cross motions for summary judgment without prejudice, and have the parties file new motions, if they wish, that do not rely on extrinsic evidence regarding the duty to defend. The new motions for summary judgment shall be filed on or before **Monday, March 16, 2009**. Both parties are ordered to comply with my Practice Standards in connection with the motions and to ensure that any exhibits that are properly submitted are authenticated and admissible under the standards of Rule 56. The time frames in D.C.COLO.LCivR 7.1C apply in connection with the filing of the response and reply briefs.

Based on the foregoing, the motion to strike filed by the Teamcorp Defendants is denied as moot. I also find that this case is not yet ready for trial, since briefing will commence anew on the summary judgment motions. Thus, the five-day trial to the Court set to commence Monday, March 9, 2009, and the Final Trial Preparation Conference set February 27, 2009, at 3:00 are vacated, to be reset after the motions for summary judgment are filed.

III. <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that the Hubbells' Motion to Strike American Family's Motion for Summary Judgment (Docket # 99) is **GRANTED**. In accordance therewith, it is

ORDERED that Plaintiffs' Motion for Summary Judgment (doc. # 95) is **STRICKEN** without prejudice to refile in accordance with this Order. It is

FURTHER ORDERED that Defendants Teamcorp. Inc. d/b/a Laconia Homes/ Draft-Tek and Kerry Karnan's Motion for Partial Summary Judgment on Liability for Duty of Defense Obligation (doc. # 96) is **DENIED** without prejudice to refile. It is

FURTHER ORDERED that Teamcorp, Inc. d/b/a Laconia Homes and Draft-Tek and Kerry Karnan Individually Motion to Strike American Family Exhibits Attached to Plaintiff's Response Brief in Opposition to Teamcorp, Inc.'s Motion for Partial Summary Judgment on Liability for Duty of Defense Obligation (doc. # 116) is **DENIED AS MOOT**. Finally, it is

ORDERED that the five-day trial to the Court set to commence Monday, March 9, 2009, and the Final Trial Preparation Conference set February 27, 2009, at 3:00 are **VACATED**.

Dated: February 10, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge