IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   07-cv-00200-WYD-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin insurance company,

    Plaintiff,

v.

TEAMCORP, INC., a Colorado corporation, d/b/a LACONIA HOMES and DRAFT-TEK;
KERRY KARNAN;
PLATT T. HUBBELL;
KELLEY S. HUBBELL; and
THANE LINCICOME,

    Defendants.

---

**ORDER ON MOTION TO REOPEN**

---

I.    INTRODUCTION

THIS MATTER is before the Court on Defendants Teamcorp, Inc. d/b/a Laconia Homes and Draft-Tek [collectively"Teamcorp"] and Kerry Karnan's ["Karnan"] Motion for Case to be Reopened for Good Cause for Adjudication of the Duty to Indemnify and the Reimbursement of Defendants' Attorney's Fees, filed June 13, 2011.   (ECF No. 186 [hereinafter "Teamcorp's Motion to Reopen"].)   The motion requests that the case be reopened for good cause to adjudicate the remaining two issues.   (*Id.* at 1.)   Those issues are whether American Family Mutual Insurance Company ["American Family"] has a duty to indemnify, and whether it is required to pay attorney's fees incurred by Teamcorp and Karnan in defense of this declaratory judgment action.   (*Id.* at 4.)

II.     BACKGROUND

This case was administratively closed on September 22, 2009.  (Order on Summ. J. Mots. 34, Sept. 22, 2009, ECF No. 185.)  It is an anticipatory declaratory judgment action by American Family seeking declaration of the parties' rights under the Commercial General Liability policy issued by American Family to "Laconia Homes, Inc." and later by endorsement to "Teamcorp., Inc. d/b/a Laconia Home and Drafttech [sic]". The Amended Complaint asserts, *inter alia*, claims for declaratory judgment of no coverage and recovery of defense costs incurred in defending Teamcorp in an Amended Third-Party Complaint filed by Platt and Kelley Hubbell.  Teamcorp's Counterclaim seeks attorney's fees and costs incurred in connection with the defense of this declaratory judgment action.

In February 2009, both parties filed motions for summary judgment.  In an Order dated September 22, 2009, this Court granted summary judgment in favor of the Defendants regarding American Family's duty to defend Teamcorp and Karnan in *Alpine Bank v. Platt T. Hubbell, et al. v. Carney Brothers Construction, et al.* [hereinafter "the underlying action"].  (Order 34-35, ECF No. 185.)  The Order on Summary Judgment stated that because the underlying action was not resolved, the issue of whether American Family had a duty to indemnify was premature.  (*Id.* at 34.)  Further, the Order found that resolution of the Counterclaim for attorney's fees and costs was premature. (*Id.* at 33.)  This case was administratively closed, to be "reopened for good cause, which shall include the parties' representation in a motion to reopen this case that the

underlying trial before Judge Arguello has been completed and that the parties intend to prosecute the duty to indemnify in this case." (*Id.* at 34.)

Pursuant to the Order on Summary Judgment Motions, American Family funded the defense and settlement of the underlying action. (Pl.'s Resp. in Opp'n to Def.'s Mot. to Reopen Case 1, ECF No. 188 [hereinafter "Pl.'s Resp."].) The underlying action has been dismissed with prejudice upon being resolved in May 2011 by a settlement funded by American Family. (*Id.*) Because the underlying action has been resolved, the issue as to whether American Family has a duty to indemnify and Teamcorp's Counterclaim for attorney's fees and costs are ripe for review.

III. FACTS

In the underlying action, the Amended Third-Party Complaint alleged, *inter alia*, negligence, breach of contract, and negligent misrepresentation by Teamcorp in the design and construction of the Hubbell's home. (Pl.'s Mot. for Summ. J., Ex. 1.) It also alleged negligence by Karnan in the design of their home. (*Id.*) American Family defended Teamcorp and Karnan in that action, which ultimately resolved in a settlement that was fully funded by American Family. (Pl.'s Resp. 1.)

The policy at issue in this case, which was the basis for American Family's defense of Teamcorp and Karnan, is numbered 05-XE6895. (Pl.'s Mot. for Summ. J., Ex. 2, excerpt of certified copy of the policy.) It is a policy issued by American Family to the named insured "Laconia Homes, Inc," a corporation, with an inception date of February 2, 2003, and the policy includes "Commercial General Liability Coverage". The policy lapsed and was reissued with number 05-XE6895-02. *Id.*

Throughout the Policy, the terms "we", "us" and "our" refer to the company providing the insurance, American Family.  The "Commercial General Liability Coverage Form" of the Policy contains the following terms and provisions:

> SUPPLEMENTARY PAYMENTS - COVERAGES A AND B
> 1.   We will pay, with respect to any claim we investigate or settle, or any 'suit' against an insured we defend:
>
> * * *
>
> d.   All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or 'suit' . . . .

(Pl.'s Mot. for Summ. J., Ex. 2).   Coverage A is for bodily injury and property damage liability and Coverage B is for personal and advertising injury liability.   (*Id.*)   A "suit" is defined in the Policy as "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged."   *Id.*

## IV.   ANALYSIS

### A.   The Parties' Arguments

Defendants Teamcorp and Karnan move to reopen the case for good cause, asserting that the underlying action is resolved and that they are entitled as a matter of Colorado law to the reimbursement of attorney's fees and costs incurred in defense of this declaratory judgment action.   Specifically, Teamcorp and Karnan assert that the issue as to the duty to indemnify is not moot, the issue of reimbursement of attorney's fees requires resolution and that they are entitled to attorney's fees if American Family has a duty to indemnify.   Further, Teamcorp and Karnan state that the basis for the award of

attorney's fees is contractual. Because the policy language states that American Family will reimburse all reasonable expenses incurred by Teamcorp and Karnan, they assert that they are entitled to attorney's fees in defense of this action.

American Family responds that it would be futile to reopen the case. It argues that under current Colorado case law, Teamcorp and Karnan cannot collect attorney's fees for defending this declaratory judgment action. Further, American Family has represented in its response that it will not seek to reopen the case to litigate American Family's duty to indemnify if Teamcorp's Motion to Reopen is denied.

B. Standard to Reopen

This case was administratively closed pursuant to D.C.Colo.LCivR. 41.2, which provides that a case may be reopened for good cause. Generally, there would be good cause to reopen when, as here, the parties wish to litigate the remaining issues that have become ripe for review. However, I agree with American Family that it does not make sense to reopen the case if Teamcorp and Karnan are unable to obtain the relief they seek–an award of their attorney's fees and costs incurred in defending against this declaratory judgment action. On that issue, American Family asserts that I should apply the law as to futility applicable to a motion to amend, as it is analogous in this circumstance. Under that law, "[a] district court may refuse to allow an amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Id.* (quotation and internal quotation marks omitted).

Numerous courts have applied the futility concept in the context of a motion to reopen a case. *See A123 Systems v. Hydro-Quebec*, 626 F.3d 1213, 1216 (Fed. Cir. 2010) (affirming denial of motion to reopen case on grounds of futility); *Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2010) (holding that a closed bankruptcy proceeding should not be reopened "where it appears that to do so would be futile and a waste of judicial resources.") (citation omitted)); *Nesmith v. Gen. Motors Corp.*, 2006 U.S. Dist. LEXIS 69153 at *7 (W.D.N.Y. 2006) ("...clearly it would be futile to grant plaintiffs' motion to reopen the case, only to have summary judgment entered against plaintiffs"); *see also Cent. Reg'l Employees Benefit Fund v. Cephalon, Inc.*, 2010 U.S. Dist. LEXIS 29677 at *18 (D.N.J. 2010); *Gyadu v. Appellate Court*, 2010 U.S. Dist. LEXIS 85735 at *4-5 (D. Conn. 2010). I find that the futility concept also should be applied in this case. Therefore, I will deny Defendants' motion to reopen if the relief sought by Teamcorp and Karnan—the award of attorneys' fees and costs—would be futile.

    C.    <u>Whether an Award of Attorney's Fees and Costs is Proper</u>

It is well settled law that each party must generally bear its own legal expenses in a lawsuit. *Cont'l W. Ins. Co. v. Heritage Estates Mut. Hous. Ass'n*, 77 P.3d 911, 913 (Colo. App. 2003) [hereinafter "*Heritage Estates*"]. This rule, called the American Rule, is subject to express statute, court rule, or private contract to the contrary. *Id.* Here, Teamcorp and Karnan assert that the contractual language in the policy allows them to collect their attorney's fees in defending this declaratory judgment action. They argue that reimbursement terms similar to the one in the policy have been found to constitute a contract that allows the insured to collect attorney's fees in declaratory judgment actions

brought against the insured by the insurer.   While there is little case law on this issue and the early cases seem to support Teamcorp's and Karnan's assertion, I find that the contract in this case is more narrow and that the most recent case law does not favor Teamcorp and Karnan, as discussed below.

Defendants Teamcorp and Karnan argue that *Allstate Insurance Co. v. Robins*, 597 P.2d 1052 (Colo. App. 1979), is controlling law and should be applied in this case.   In *Robins*, Allstate brought a declaratory judgment suit against its insured to determine whether automobile insurance coverage existed for an accident in which the insured was involved.   The trial court found that there was coverage, and also entered judgment in favor of the insured on his counterclaim for expenses in defending the declaratory judgment suit.   The policy at issue in the case provided that the insurer shall "reimburse the Insured for all reasonable expenses, other than loss of earnings, incurred at the Company's request."   *Id*. at 1052.   Allstate appealed, contending that the court erred in awarding attorney's fees to the insured.   *Id*.

The trial court's decision was affirmed on appeal.   The court of appeals cited other courts that had found the insurer should pay the insured's expenses incurred in defending a declaratory judgment action seeking a judgment of no coverage.   *Id*. at 1052-53.   It then concluded:

> All of the cited cases involve the construction of the phrase, "the company shall reimburse the insured for all reasonable expenses incurred at company's request," and its application to payment of attorney's fees expended by the insured in defending a declaratory judgment action instituted by the insurance company. In each case the court allowed the insured to recover its expenses (reasonable attorney's fees) as a matter of contract. This result merely restores the insured to the position he would

7

> have occupied had the company honored its contract in the first instance, and we adopt it as the applicable principle.

*Id.* at 1053.   This case does tend to support Teamcorp's and Karnan's argument.

American Family contends, however, that *Robins* is no longer good law.   To the extent that *Robins'* reasoning is based on an exception to the American Rule based on language in a contract, it appears to still be valid law.   I agree, however, with the Tenth Circuit's finding that this holding of *Robins* "stands only for the proposition that attorneys fees may be recovered as provided under the express terms of a contract."   *Wellens v. Columbia Cas. Co.*, No. 91-1049, 1991 WL 216484, at *1 (10th Cir. Oct. 23, 1991) (unpublished).   However, I find that *Robins'* continued validity is questionable to the extent that its reasoning is based on public policy.   *See Heritage Estates*, 77 P.3d at 915; *Bernal v. Lumbermens Mut. Ins. Co.*, 97 P.3d 197, 203 (Colo. App. 2003).

Regardless of the continued viability of *Robins*, I find it is not controlling because there is more recent and on point case law to guide my determination in regard to the contractual language in the policy.   In *Allstate Ins. Co. v. Huizar*, 52 P.3d 816 (Colo. 2002) [*Huizar II*], the insured initially sought and was awarded benefits under her policy in an arbitration proceeding for injuries she suffered in a car accident.   *Id.* at 817.   Allstate then sought a trial de novo pursuant to a policy provision allowing it to do so.   Huizar moved to dismiss the action and to affirm the arbiter's award.   *Id.*   The trial court concluded that the provision permitting a trial de novo violated public policy and was void, and therefore confirmed the arbitration award.   *Id.* at 818.

The case was appealed and then remanded to the trial court.   *Huizar*, 52 P.3d at 818.   Huizar was then awarded her attorneys fees incurred in successfully challenging

the validity of the trial de novo provision and for successfully litigating the attorney fees issue.  *Id.*   The trial court concluded that Huizar was entitled to fees by the express provisions of the policy obligating Allstate to defend an insured person and pay reasonable expenses incurred at Allstate's request.  *Id.*   Specifically, the policy obligated Allstate to "defend an insured person sued as the result of a covered auto accident" and to pay as part of that defense any "other reasonable expenses incurred at [the insurance company's] request."   *Id.* at 819.

When Allstate appealed the award of fees, "the court of appeals affirmed, not only agreeing with the trial court's construction of the contract but also holding that the public policy considerations articulated" by the court in *Huizar v. Allstate Ins. Co.*, 952 P.2d 342 (10th Cir. 1998) ["*Huizar I*"] "should be interpreted to authorize the award of fees under the limited circumstances of this case."   *Huizar II*, 52 P.3d at 819.   "The court of appeals analogized Allstate's exercise of its trial de novo right under the uninsured motorist provisions of the policy to a suit against Huizar for declaratory judgment", and "found that Allstate was obligated by the terms of the policy to defend Huizar against its own 'suit' and to pay her attorney fees as reasonable expenses incurred at Allstate's request."   *Id.*

On appeal, the Colorado Supreme Court noted the general American Rule that "in the absence of an express statute, court rule, or private contract to the contrary, attorney fees generally are not recoverable by the prevailing party in a contract or tort action." *Huizar II*, 52 P.3d at 818.   It then stated that the interpretation of an insurance policy is a matter of law, and held:

> The language of the insurance policy at issue here cannot be reasonably construed to obligate the insurer to defend the insured against a claim of the insurer itself, much less to pay the insured's legal expenses to challenge the validity of the provisions of the contract. It is clear from the organization of the policy and the location of its reference to payment of expenses, the fact that other sections of the policy contain different provisions concerning attorney fees, and the context and express descriptions of the insurer's obligations that the insurer's obligation to defend extends only to suits by third parties with claims against the insured person.

*Id.* at 819.

More specifically, the *Huizar II* court noted that "[o]rganizationally, the contract is divided into a number of 'Parts,' each dealing with a different type of coverage", and a section of "General Provisions." 819 P.2d at 819. It further noted that the language relied on by the lower courts did not appear in any generally applicable provision of the policy but in "Part 1" for "Automobile Liability Insurance," which was devoted to an insured person's liability for bodily injury or destruction of property. The court held that "[n]othing in either the context or specific language of the insurer's promise to defend and pay reasonable expenses suggests any intent for it to apply beyond the 'Part' of the contract in which it is found." *Id.*[1]

The *Huizar* court then concluded on the issue of the contract:

> From both the context and plain meaning of the terms, it is clear that the insurer's duty to defend described in "Part 1" of the contract, . . is intended to apply only to suits against the insured person by third parties. Apart from the fact that the insured's coverage for his own personal injury and property damage are treated elsewhere in the contract, the term liability insurance is generally used to refer to the insured's liability to a third party. . . .If it were not sufficiently clear from the title and scope of "Part 1" alone that a defense against a claim of liability necessarily refers only to a suit by a third person, the policy provision specifically describes the defense Allstate must provide as one in which Allstate "will choose the counsel," and one in which Allstate

> may settle any claim or suit." These provisions are simply incompatible with
> any intent to require the insurance company to defend or pay attorney fees
> to the insured in an action by or against the insurance company itself.

*Id.* Since the insurance contract did not contain any express exception to the American rule that each party must bear its own legal expenses that was applicable to Huizar's successful challenge to the trial de novo provision of the contract, the court found that attorney fees were not properly awarded to Huizar under the contract.

The Colorado Supreme Court in *Huizar II* then turned to the court of appeals' additional holding that "the public policy considerations upon which this court found the trial de novo clause void in *Huizar I* justify an award of attorney fees that would otherwise absorb all of the uninsured motorist monies awarded by arbitration."  52 P.3d at 820. The Court noted that Colorado "recognize[s] several exceptions to the general rule that attorney fees are not recoverable by the prevailing party in the absence of an express statute, court rule, or private contract to the contrary" but stated "we have previously made clear that the creation of a new exception is 'a function better addressed by the legislative than the judicial branch of government.'"  *Id.* at 820-21 (quotation omitted). The Court concluded that "neither the statutes nor legislatively expressed policy considerations relied upon in *Huizar I* create an exception to the rule that each party in a contract action bear its own legal expenses", and reversed the court of appeals' opinion. *Id.* at 821.

In *Heritage Estates*, another instructive case, the insured filed a claim with the insurance company to pay for biohazard cleanup on a property that was insured by the insurance company.  77 P.3d at 912.  The insurance company filed a declaratory

11

judgment action seeking a declaration that the claim was not covered, and the trial court found that coverage was available. *Id.* The insured "then filed a motion seeking recovery of its attorney fees, asserting authorization under the insurance policy language" and statute. *Id.* Following a hearing, the trial court determined that an award of attorney fees was appropriate pursuant to *Huizar I* and C.R.S. § 10-3-1104(1)(h)(VII).

On appeal, the insurer contended that the trial court erred in awarding attorney fees. *Heritage Estates*, 77 P.3d at 912. The insurer argued that because the Colorado Supreme Court reversed *Huizar I*, decided after the appeal was filed, and because attorney fees are not authorized under the insurance contract or the cited statute, the trial court incorrectly awarded fees. *Id.* at 912-13. The court of appeals agreed. *Id.* at 913. It first noted that the language in the policy stated that the insurer would pay the insured "all reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or 'suit'." *Id.* It then found "a number of reasons" that the contract language did not support an award of attorney's fees. *Id.*

As to these reasons, the court first noted that the provision was in the liability section of the contract, which required the insured to defend and pay sums the insured is legally obligated to pay because of bodily injury or property damages sustained by third parties. *Heritage Estates*, 77 P.3d at 913. Indeed, the court noted that "the term 'liability insurance' generally refers to the insured's liability to a third party." *Id.* (citing *Huizar II,* 52 P.3d at 820). Second, the court noted that the insured sought coverage for cleanup costs under the property coverage portion of the policy, obligating the insurer to pay for first party claims, "which contain[ed] no provision addressing payment of the

insured's attorney fees."  *Id.*   Third, the court found that "the policy provision specifically states that it applies only to instances in which Continental must defend a claim or suit and for which it seeks the assistance of Heritage", and that "[a] common-sense reading leads to the conclusion that the provision applies only when Continental is defending Heritage against a third-party claim or suit."  *Id.*   The court noted that this holding was consistent with the holding in *Huizar II*.

The *Heritage Estates* court then addressed the insured's argument that "because it filed counterclaims, Continental was required 'to defend' against those claims and Heritage incurred expenses related to that defense."  77 P.3d at 914.   It rejected this contention, stating:

> The notion that in this suit Heritage incurred expenses pursuant to Continental's 'request to assist [Continental] in the investigation or defense of the claim or suit' is a strained construction at best. Heritage did not assist Continental in this suit, nor did Continental request Heritage's assistance. To interpret that provision to apply when Continental is "defending" a counterclaim brought by its own insured would be an absurd interpretation, which we must avoid.

*Id.*   Accordingly, the court found that "because the insurance contract does not contain any applicable express exception to the well-established rule that each party must bear its own legal expenses, Heritage is not entitled to attorney fees based on the contract language."  *Id.*

The *Heritage Estates* court also distinguished the *Robins* case which the insured relied on.  77 P.3d at 915.   It found that, [u]nlike here, in *Robins* the reimbursement language was apparently not limited to any particular coverage and was clearly broader

than that in Continental's policy." *Id.* "Here, as noted, the reimbursement language applies only in a liability setting, one that is not implicated under these facts." *Id.*

Applying these cases, I find that the insurance policy at issue here does not support an award of attorney's fees for Teamcorp and Karnan in this declaratory judgment action. The contract language in this case is essentially identical to the contract language in *Huizar II* and *Heritage Estates*, and is found in the liability section of the policy. Therefore, just as in those cases, a common-sense reading of the contract leads to the conclusion that the provision applies only when American Family is defending Teamcorp and Karnan against a third-party claim or suit. A declaratory judgment action by the insurer against the insured is obviously not a third-party claim or suit. Indeed, to interpret the requirement of reimbursement of "reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or 'suit'" to include the reimbursement of attorney's fees in the defense of a declaratory judgment instituted by the insurer is a strained construction, which I must avoid. *Huizar II*, 52 P.3d at 819.

It is also important to note that "suit", as defined in the contract, is "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." This declaratory judgment action does not fit that definition of a suit. I agree with American Family that the "suit" here is the underlying Hubbell liability suit against Teamcorp and Karnan, not the declaratory judgment action. The provision is referring to expenses incurred, at American Family's request, to assist in the investigation or defense of the Hubbell case –

the case defended and settled solely at the expense of American Family. This additional limiting language, not present in *Robins*, distinguishes *Robins* and renders that case inapplicable here.

I find from the foregoing that the plain meaning of the contract is clear. Any other interpretation of the contract would violate the well-settled principles of contract interpretation as set forth in *Huizar II* and *Heritage Estates*. *See also Travelers Indem. Co. v. Arena Group 2000, L.P.*, No. 05-CV-1435, 2008 WL 696392, at *10-12 (S.D. Cal. March 13, 2008) (applying a substantially similar provision, the court stated, "It would be unreasonable to interpret this contract provision to mean that Gulf [insurer] has requested, in its declaratory action, that the City assist Gulf in defending Gulf's suit against the City. The reference to 'suit[s]' Gulf defend[s]' clearly refers to suits for damages that Gulf defends on behalf of the insured."); *accord Atl. Cas. Ins. Co. v. Epstein*, No. Civ.A.03-6506, 2004 WL 2075038, at *16 (E.D. Pa. 2004) (finding identical language did not create a contract right to insured's fees and costs spent defending against insurer's declaratory judgment action, since the insurer is not defending the insured in the declaratory judgment action). Finally, I find no legislatively expressed policy considerations for awarding Teamcorp and Karnan their attorneys' fees and costs.

V.    CONCLUSION

Because Teamcorp and Karnan cannot succeed on their claim for attorney's fees, I find that reopening the case would be futile. Accordingly, I find that Teamcorp's and Karnan's Motion to Reopen should be denied. It is therefore

ORDERED that the "Defendants Teamcorp, Inc. d/b/a Laconia Homes and Draft-Tek and Kerry Karnan's Motion for Case to be Reopened for Good Cause for Adjudication of the Duty to Indemnify and the Reimbursement of Defendants' Attorney's Fees" (ECF No. 186), filed June 13, 2011 is **DENIED**.

Dated this 16th day of December, 2011.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE